*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-360

APRIL TERM, 2015

| | |
|---|---|
| In re D.M., Juvenile | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| | } Family Division |
| | } |
| | } DOCKET NO. 246-8-13 Cnjv |

Trial Judge: Alison S. Arms

In the above-entitled cause, the Clerk will enter:

Father appeals the family court's disposition order continuing custody of his son D.M. with the Department for Children and Families (DCF). On appeal, father argues that the court's decision lacks the necessary findings to demonstrate that continued removal from the parents' home is necessary to protect D.M. We affirm.

D.M. was born in August 2013. An emergency care order was issued right after D.M.'s birth based on the fact that parents' older child had been removed from their care in February 2012, and by the time of D.M.'s birth, parents had not demonstrated the ability to safely and adequately meet the physical and emotional needs of an infant. D.M. was placed in DCF custody. In April 2014, the parents stipulated that D.M. was a child in need of care or supervision (CHINS) due to lack of proper parental care.

In May 2014, DCF filed a disposition case plan recommending concurrent goals of reunification and termination of parental rights, and continued DCF custody. Parents made several objections to the plan. The court held a contested disposition hearing and issued a disposition order in August 2014 adopting the case-plan permanency goals and continuing DCF custody. Father then filed this appeal.

At disposition, the family court is directed to "make such orders related to legal custody for a child who has been found [CHINS] as the Court determines are in the best interest of the child." 33 V.S.A. § 5318(a). This includes continuing or returning custody to the parents, or transferring legal custody to DCF. Id. § 5318(a)(1), (4). On appeal from a disposition order, this Court will affirm the findings of the family court absent an abuse of discretion. In re C.L., 2014 VT 87, ¶ 11.

Father argues that the court erred in continuing custody with DCF because he asserts that there is no evidence to show that removal from parent's care is necessary to protect the children from harm. Father quotes the purposes section of the juvenile-protection statute, claiming that returning custody to parents is favored unless separation is "necessary to protect the child from serious harm." 33 V.S.A. § 5101(a)(3). According to father, the court continued DCF custody based solely on its finding that parents had failed to follow through on case-plan

recommendations, and without specifically finding that the parents cannot protect the child from serious harm.

We conclude that the court's decision to continue DCF custody was amply supported. D.M. was removed from parents' care because of concerns about their ability to safely and adequately meet D.M.'s needs. Parents stipulated that D.M. was CHINS because they did not have the ability to safely and adequately meet the infant's physical and emotional needs, and D.M. would be at risk of harm if left in parents' care. While father claims that that stipulation does not speak to parents' current ability, the court's findings, unchallenged on appeal, show that parents had not made improvements since that time. Several services were recommended for parents, including those aimed at improving parents' parenting skills. Identified problem areas included safe parenting, soothing and attachment. Other services included recommendations for individual counseling for father to address anger-management, substance-abuse and mental-health issues, and for father to complete a psychosexual assessment. In addition, couples counseling was recommended to address the parents' bickering and inability to communicate. Parents failed to make progress on these goals. There remained concerns about the safety and cleanliness of the home, and about the parents' parenting ability. The parents' involvement in counseling was sporadic, and father had not followed through on recommendations for a substance-abuse evaluation. Further, there remained concerns over father's anger management, and the parties' bickering, and its impact on the child. In sum, parents had not addressed the causes D.M.'s removal from their custody.

Thus, the court's decision was in keeping with the statutory goals. As father points out, one purpose of the juvenile-protection statute is to "preserve the family and to separate a child from his or her parents only when necessary to protect the child from serious harm or in the interests of public safety." 33 V.S.A. § 5101(a)(3). The court complied with this goal by continuing DCF custody since the causes behind their inability to safely parent had not been addressed.

On a final note, contrary to father's assertion, there is no indication in the court's decision that it continued DCF custody merely as an incentive to the parents to engage in services. The decision was properly based on the court's assessment of the child's best interests insofar as these services were necessary for parents to safely and adequately parent D.M.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

2